UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLINTON MATTHEW CORBEIL,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT<br>OF JUSTICE, *et al.*,<br><br>　　　　　　　　　Defendants. | Civil Action 04-2265 (RWR) |

## MEMORANDUM OPINION

This matter is before the Court on cross-motions for summary judgment.[1] Having considered both motions, oppositions thereto, and the entire record of this case, the Court will grant summary judgment for defendant.

### I.　BACKGROUND

Plaintiff is a federal prisoner who, at all times relevant to the complaint, was incarcerated at the Federal Bureau of Prisons ("BOP") correctional institution in Greenville, Illinois ("FCI Greenville").  *See* Compl., ¶ 3; Pl.'s Mot. at 1.  He alleges that, upon his arrival in April 2003, staff failed to provide him with a copy of the institution's

---

[1]　Also before the Court are plaintiff's motions for summary judgment and for appointment of counsel.  Given the Court's ruling on defendant's motion, these motions will be denied.

rules and procedures.[2]  Pl.'s Mot. at 1.  This failure, plaintiff alleges, violates BOP Policy Statement 5270.07.  *Id.* at 2.

On or about April 29, 2004, plaintiff submitted a request for information under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to the BOP.  Compl., ¶ 5.  He sought "all records concerning his [receipt] of the A&O handbook, and records showing staff advised him of the rules and regulations of F.C.I. - Greenville," the institution at which he was incarcerated.[3]  *Id.*; Pl.'s Opp., Ex. E (FOIA/PA Request with Certificate of Identity).  BOP's North Central Regional Office responded to plaintiff's request by letter dated June 28, 2004.  Pl.'s Mot., Ex. J.  The letter informed plaintiff that "[i]nstitution staff conducted a thorough search for the records" requested, and that "no records could be located." *Id.*  Plaintiff appealed this determination to the Justice Department's Office of Information and Privacy ("OIP").  Compl., ¶ 6.  OIP notified plaintiff by letter dated September 29, 2004 of its decision to affirm the initial agency decision.  Pl.'s

---

[2]   The institution's rules and procedures are explained during an Admission & Orientation (A&O) Program.  *See* BOP Program Statement 5290.14.

[3]   Specifically, plaintiff requested:

1.   A copy of an Intake Screening form I signed upon arriving at FCI Greenville
2.   A copy of a BP-5518 I signed showing I completed the A&O program
3.   Any documentation I signed that states I received an A&O Handbook at FCI Greenville
4.   Any documentation I signed that states that FCI GRE advised me of the rules/regs of the institution

Pl.'s Opp., Ex. E.

Mot., Ex. M.  OIP noted that, "[a]lthough the BOP did possess responsive records at one time, the BOP cannot presently locate the responsive records."  *Id.*

In this action, plaintiff challenges the agency's response to his FOIA request.

## II.   DISCUSSION

The Court grants a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party bears the burden of demonstrating an absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Factual assertions in the moving party's affidavits may be accepted as true unless the opposing party submits his own affidavits or documentary evidence to the contrary.  *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

In a FOIA case, the Court may grant summary judgment based on the information provided in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).[4]  Such affidavits or declarations are accorded "a presumption of

---

[4]   In support of its motion, defendant submits the declaration of Daryl J. Kosiak, Regional Counsel for the BOP's North Central Region in Kansas City, Kansas.  Def.'s Mot., Kosiak Decl., ¶ 1.  He makes the declaration on the basis of his review of the BOP's official files and records, his own

good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

"An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)); *see Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998) (FOIA requires agency to conduct search using methods reasonably expected to produce requested information).  The agency bears the burden of showing that its search was calculated to uncover all relevant documents.  *Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994).  To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail the scope and method of the agency's search.  *Perry v. Block*, 684 F.2d 121 (D.C. Cir. 1982).  In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with the FOIA.  *Id.*, 684 F.2d at 127.  If the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." *Truitt v. Dep't of State*, 897 F.2d at 542.

---

personal knowledge, and information acquired in the performance of his official duties.  *Id.*, ¶ 2.  He is familiar with the procedures followed in handling plaintiff's FOIA request.  *Id.*

When BOP's Headquarters office reviewed plaintiff's FOIA request, staff forwarded the request to BOP's North Central Regional Office, which in turn requested that staff at FCI Greenville conduct a search for responsive records. Kosiak Decl., ¶¶ 4, 6. FCI Greenville staff determined that responsive records likely would be found in Section 3 of plaintiff's Central File.[5] *Id.*, ¶ 7. Plaintiff's Unit Manager conducted a manual search of plaintiff's entire Central File on May 11, 2004, but found no responsive records. *Id.*, ¶ 10.

Staff at BOP's North Central Regional Office conducted a search of two other systems of records: the Administrative Remedy System of Records, and the Federal Tort Claim Act Record System. Kosiak Decl., ¶ 16. It was thought that plaintiff may have challenged the disciplinary actions either by filing an inmate grievance, or by seeking monetary relief by filing an administrative claim against the United States. *Id.* If plaintiff had filed claims of these types, he may have attached exhibits that could be responsive to the FOIA request. *Id.* No responsive records were found. *Id.*, ¶¶ 17-18.

Plaintiff's current case manager conducted a second manual search of plaintiff's Central File. Kosiak Decl., ¶ 19. This search yielded a copy of the A&O Program Checklist signed by plaintiff upon completion of the A&O program when he arrived at FCI Greenville. *Id.* BOP released a copy of this document to plaintiff on April 4, 2005. *Id.*

---

[5] An inmate's Central File contains information about day-to-day activities and events occurring during his incarceration. Kosiak Decl., ¶ 8. The file is maintained at the institution where the inmate is confined, and physically is kept in the housing unit where the inmate is assigned, and these files are organized in alphabetical order. *Id.*

FCI Greenville's A&O Program Coordinator maintained his own records for the program. Kosiak Decl., ¶ 20. A search of his "unofficial" records yielded a sign-in sheet for the A&O program lecture on April 30, 2003.[6] *Id.* BOP released a copy of this document to plaintiff on April 4, 2005. *Id.*

The adequacy of an agency's search is not determined by the results of the search or by the information ultimately released by the agency. Rather, "the adequacy of a FOIA search is generally determined . . . by the appropriateness of the methods used to carry out the search." *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003); *see Cleary, Gottlieb, Steen & Hamilton v. Dep't of Health and Human Serv.*, 844 F.Supp. 770, 777 n. 4 (D.D.C. 1993) (the search, not the results of the search, must be reasonable). Mere speculation as to the existence of records not located in the agency's search does not undermine the adequacy of the search. *See Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984) (focus of Court's inquiry is on reasonableness of search, not whether undisclosed records may exist).

Plaintiff challenges the adequacy of BOP's search for responsive records. He notes that, although BOP claimed to be unable to locate responsive records, the agency did maintain such records. Pl.'s Opp. at 3. "It is plaintiff's belief that the documents remain in the possession of the BOP," and that these documents are

---

[6] The A&O Program Coordinator maintains records for his personal use, but such records are not required by BOP policy. Kosiak Decl., ¶ 20. It is not uniform policy or practice to generate or maintain a sign-in sheet for an A&O program lecture. *Id.*

improperly withheld. *Id.* Further, plaintiff claims that someone forged his signature on documents released to him on April 5, 2005. *Id.* at 4.

Plaintiff offers no support for his assertion; he merely speculates as to the existence of additional documents. Such conjecture does not constitute contrary evidence sufficient to overcome BOP's showing that its search was reasonably calculated to produce the requested records. BOP submitted a declaration that was reasonably detailed, and set forth in a nonconclusory fashion the records searched and the results of the searches. Its search for records responsive to plaintiff's FOIA request was adequate.

The fact that BOP's initial search for records in the Inmate Central File yielded no responsive records, while a second search located such records, does not undermine BOP's position. Rather, an agency's prompt report of the discovery of additional responsive materials may be viewed as evidence of its good faith efforts to comply with its obligations under FOIA. *See Maynard v. CIA*, 986 F.2d 547, 565 (1st Cir. 1993) ("Rather than bad faith, we think that the forthright disclosure . . . that it had located the misplaced file suggests good faith on the part of the agency.").

## III.  CONCLUSION

The Court concludes that BOP conducted searches were adequate, and that it released all responsive records in full.[7] Defendants demonstrate that there is no

---

[7] Plaintiff denies having signed the A&O Program Checklist and the A&O sign-in sheet, and asserts that his signature is forged. Pl.'s Opp. at 7. He argues that the forgery presents a genuine issue of material fact in dispute, thus precluding summary judgment for defendants. *Id.* The Court disagrees. FOIA generally requires an agency to conduct a reasonable search for records responsive to a FOIA request, and to release those

genuine issue of material fact in dispute, and that defendants are entitled to judgment as a matter of law.  Accordingly, defendants' motion for summary judgment will be granted.  A separate Order accompanies this Memorandum Opinion.

/s/<br>
RICHARD W. ROBERTS<br>
United States District Judge

DATE:  September 26, 2005

---

records unless the records fall within a recognized exception.  BOP has fulfilled its FOIA obligations.